

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2008

# Toure v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1360

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Toure v. Atty Gen USA" (2008). *2008 Decisions.* Paper 324.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/324

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1360
_____

BANGALY TOURÉ,
                    Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent.


_____


On Petition for Review from the Board of Immigration Appeals
BIA No. A97 525 523
Immigration Judge: The Honorable Mirlande Tadal
_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 20, 2008

Before: SMITH, COWEN, *Circuit Judges* and THOMPSON, *District Judge*[*]

(Filed:  October 27, 2008)
_____

OPINION
_____



_____

[*] The Honorable Anne E. Thompson, Senior United States District Judge for the District Court of New Jersey, sitting by designation.

Smith, *Circuit Judge.*

Petitioner Bangaly Touré is a citizen of the Republic of Guinea who arrived in the United States on January 23, 2006 without any travel documents. On April 12, 2006, he submitted applications to the Immigration Court, seeking asylum and withholding based on his political opinion and membership in a particular social group, and relief under the United Nations Convention Against Torture ("CAT"). He claimed that Guinean police arrested and tortured him from January 19, 2005 until his escape on May 15, 2005 because of his membership in the Union des Forces Republicaines and his status as an ethnic Malinke. Both groups are known to oppose the Guinean President.

On September 1, 2006, an Immigration Judge ("IJ") denied Touré's applications for asylum, withholding of removal, and relief under CAT. On January 23, 2007, the Board of Immigration Appeals ("BIA") dismissed Touré's appeal. Touré filed a timely Petition for Review with this Court on February 2, 2007. Because substantial evidence supports the BIA's decision, we will deny his petition.[1]

Inasmuch as we write primarily for the parties, who are familiar with this case, we need not repeat the factual or procedural background.

Both the BIA and IJ based their decisions primarily on the IJ's adverse credibility

---

[1]We have jurisdiction under 8 U.S.C. § 1252(a)(1). When the BIA defers to the IJ, we review both the BIA's and IJ's decision under the "substantial evidence" standard. *Thu v. Attorney General of the United States*, 510 F.3d 405, 412 (3d Cir. 2007). We will not disturb the agency's determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Thu*, 510 F.3d at 412.

finding. This Court "look[s] at the adverse credibility determination made by the IJ and BIA to ensure that they were appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony in view of the background evidence on country conditions." *Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004) (citation and quotations omitted).

Central to the IJ's adverse credibility determination were two major inconsistencies between Touré's testimony and the documentary evidence that he submitted. First, Touré provided news articles that detailed a January 19, 2005 mass arrest, which he alleged to be the event that started his detention. One of these articles, however, stated that by January 24, 2005, police had released everyone arrested except for one prisoner who had died in custody. This fact, if true, cuts to the core of Touré's claim. Even if he were arrested as he claimed, Touré's account of being tortured for four months before finally escaping would be rendered pure fabrication. Second, the IJ interpreted a State Department Report as saying that, of those who escaped during a prison break on May 15, 2005, only one military prisoner remained at large by the end of the year. Based on this reading, the IJ concluded that since Touré was not a member of the military, he was not the military prisoner mentioned, and therefore could not have escaped from the prison as he claimed.

Touré has done nothing to explain these inconsistencies. Touré relies on the "common understanding that most news accounts get some facts right and others wrong."

3

Br. of Pet'r at 10. He does not explain, however, why the facts that help his case are right, while those that do not are wrong. Touré also does not show that the IJ's interpretation of the State Department Report was unreasonable or unsupported by the record. His focus on the report's statement that a prison break occurred in no way demonstrates that he was, in fact, part of it.

Touré argues that the BIA and IJ improperly relied on these discrepancies in their decisions. Given the critical nature of these inconsistencies, however, we fault neither the BIA nor the IJ for doing so.

Touré also alleges nine instances of clear error in the IJ's decision. At best, Touré has pointed to minor flaws in the IJ's reasoning that were in no way central to its final disposition. None of these purported errors do anything to explain the major discrepancies surrounding Touré's detention and escape, nor do they otherwise show that he was in fact imprisoned and tortured for four months.

Nothing on the record suggests that a reasonable adjudicator would be compelled to find Touré credible. His claim for asylum must fail. Since he has not satisfied the standard for asylum, he does not meet the standard for withholding of removal. *See Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003). Finally, Touré has identified nothing that would require a reasonable adjudicator to grant him relief under CAT. As a result, Touré has not shown that the BIA or IJ committed any errors that warrant granting his Petition for Review.